IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| BERNARD RAY RICHARDSON, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:15cv00162 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| V.L. PHIPPS, *et al.*, | ) | By: Michael F. Urbanski |
|     Defendants. | ) | United States District Judge |

Bernard Ray Richardson, a Virginia inmate proceeding *pro se*, filed this "motion for a federal injunction restraining order" against a nurse, a doctor, and grievance coordinator at Red Onion State Prison, seeking "immediate medical treatment" for back and neck pain. In his motion, Richardson states that he "WANT[S] TO MAKE IT 'ABSOLUTELY CLEAR' THAT THIS 'MOTION FOR A FEDERAL INJUNCTION RESTRAINING ORDER FOR IMMEDIATE MEDICAL TREATMENT' IS NOT TO BE TAKEN AS A '42 U.S.C. [§] 1983' CIVIL RIGHTS COMPLAINT AS THIS COURT HAS 'DID SO BEFORE!'"[1] (emphasis in original). Upon review of Richardson's motion, the court concludes that it has no jurisdiction over this action and, therefore, will dismiss it without prejudice pursuant to 42 U.S.C. § 1997e(c)(1).

In order for the court to hear and decide a case, it must first have jurisdiction over the subject matter of the litigation. Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted

---

[1] While it is not clear to which of his numerous actions Richardson is referring when he stated "as this court has did so before," the court had previously construed a "motion for a immediate emergency federal injunction restraining order" as a civil rights complaint pursuant to 42 U.S.C. § 1983 and dismissed the action without prejudice for failing to state a claim pursuant to 28 U.S.C. § 1915A. Richardson v. Grievance Coordinator, et al., Civil Action No. 7:14cv470 (W.D. Va. Oct. 14, 2014). In addition, the court previously construed two other motions seeking preliminary injunctive relief as civil rights complaints pursuant to 42 U.S.C. § 1983 and dismissed those actions without prejudice pursuant to 28 U.S.C. § 1915(g) because Richardson neither prepaid the filing fee nor demonstrated that he was under imminent danger of serious physical injury. Richardson v. Grievance Coordinator, et al., Civil Action No. 7:14cv562 (W.D. Va. Oct. 29, 2014); Richardson v. Messer, et al., Civil Action No. 7:14cv681 (W.D. Va. Dec. 17, 2014).

by federal statute." In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998). Because federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. Pinkley, Inc. v. City of Frederick, 191 F.3d 394, 399 (4th Cir. 1999). The burden of proof rests with plaintiff to establish that such jurisdiction exists. Warren v. Sessoms & Rogers, P.A., 676 F.3d 365, 370-71 (4th Cir. 2012). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists and "to dismiss the action if no such ground appears." Bulldog Trucking, 147 F.3d at 352; see also Fed. R. Civ. P. 12(h)(3) ("Whenever it appears . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

Richardson's pleading provides no basis for either federal question jurisdiction, under 28 U.S.C. § 1331, or diversity jurisdiction, under 28 U.S.C. § 1332, in light of his explicit instruction that the court not construe the motion as commencing an action under 42 U.S.C. § 1983. Accordingly, I will dismiss this action without prejudice pursuant to 42 U.S.C. § 1997e(c)(1).

Entered: April 14, 2015

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge